UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE EDEZA AGUILERA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING Commissioner of Social Security,<br><br>Defendant. | CASE NO.: 1:21-cv-00384-GSA<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |

  Plaintiff, proceeding *pro se*, filed this action on March 11, 2021 challenging the Commissioner of Social Security's determination denying her disability benefits. Doc. 1. Plaintiff was served a copy of the Order Regarding Consent or Request for Reassignment on March 15, 2021, and was also served a copy of the form of Consent/Decline of Magistrate Judge Jurisdiction. Doc. 5-1, 5-2. Within 90 days of March 15, 2021, Plaintiff was to complete the form (Doc. 5-2) indicating whether she consents to proceed before a magistrate judge for all proceedings including entry of final judgment, or whether she would request reassignment to a United States District Judge. On February 28, 2022, Plaintiff was again directed to complete the same on or before March 21, and was served an additional copy of the form at her home address. Doc. 16.

  Pursuant to the scheduling order issued in this matter on February 28, 2022, Doc. 17, Plaintiff's motion for summary judgment was also due on or before April 15, 2022. Plaintiff has not filed her motion for summary judgment explaining why judgment should be entered in her favor, nor has she filed the consent form.

  Pursuant to Local Rule 110, "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the

inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, on or before June 11, 2022 Plaintiff is **DIRECTED** to complete the consent form and her motion for summary judgment and submit the same to the clerk's office.[1]

Alternatively, Plaintiff is **DIRECTED** to submit a written explanation by June 11, 2022 identifying good cause for why the documents have not been filed and <u>identifying a date certain for completing them</u>. If no response is received by June 11, 2022, the undersigned will enter findings and recommendations for this case to be dismissed without prejudice for failure to prosecute.

The Clerk of Court is **DIRECTED** to serve Plaintiff a paper copy of this order at her home address.

IT IS SO ORDERED.

Dated:   **May 11, 2022**                **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] UNITED STATES DISTRICT COURT
Eastern District of California
Office of the Clerk
501 I Street
Suite 4-200
Sacramento, California 95814

2